DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LYNNE MACDONALD,**
Appellant,

v.

**BRIAN D. MACDONALD,**
Appellee.

No. 4D2025-3043

[April 29, 2026]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jessica Marra and Kevin Tynan, Judge; L.T. Case No. 062017DR013840AXXXCE.

Stacey Lynn Cohen and Jennifer A. Patti of Cohen Blass Law, P.A., Fort Lauderdale, for appellant.

No appearance for the appellee.

MAY, J.

The former wife appeals a post-dissolution order concerning reunification and ordering the former wife to pay 100% of the Guardian ad Litem's (GAL's) fee. She argues the trial court denied her due process in reestablishing the former husband's timesharing and abused its discretion in requiring her to pay 100% of the GAL's fee without making the required finding of her ability to pay. We agree with her in part and reverse on the fee issue only.

The trial court entered a final judgment of dissolution of marriage in 2022. In 2023, the former wife moved for temporary suspension of the former husband's timesharing with the minor children. Following two and a half days of hearings, the trial court entered an amended order granting the former wife's motion for temporary suspension of the former husband's timesharing. The trial court found it was not in the children's best interest to reinstate timesharing, "but that it is in the best interest of each of the minor children for timesharing to make its way back in that direction, but not without certain parameters."

The trial court ordered that the parties were to "meaningfully, purposefully and willingly engage with and participate in . . . reunification therapy." The order further stated that "the cost of reunification therapy shall be shared on a pro rata basis in accordance with the Final Judgment of Child Support."

The former wife then filed her "verified supplemental petition for temporary and permanent relocation," and a "motion for an order permitting temporary relocation." She requested relocation based upon a job offer in Massachusetts. She maintained that the petition was due in part to former husband's failure to pay child support and his court-ordered share of the children's expenses.

The trial court entered its written order on former wife's motion for relocation. The court found:

> The statutory factors under Fla. Stat. 61.13001, when weighed together, favor permitting the temporary relocation of the children to Massachusetts with Mother pending a final hearing on this matter.
> . . . .
> *The children's best interests require that reunification therapy move forward in a meaningful and consistent way. This court therefore conditions relocation upon strict compliance with therapy, financial obligations, and monitoring by a Guardian ad Litem. The Court stresses that both parents must act in good faith to foster and protect the children's bond with each parent.*

(emphasis added).

The trial court appointed a GAL at the former wife's expense "with reservation to reallocate at a later time if the evidence so supports." The trial court made no findings as to the former wife's ability to solely pay the GAL fees.

The former wife moved for rehearing and argued the trial court erred by appointing a GAL solely at her expense without determining her ability to pay. She also argued the trial court granted unpled relief when it reinstated former husband's timesharing and communication with the children. The trial court did not rule on the motion for rehearing.

The former wife now appeals. The former wife argues: (1) the trial court violated her due process rights when it "reinstated former husband's communication and timesharing" with the minor children as it granted

unpled relief; and (2) the trial court abused its discretion by ordering former wife to pay 100% of the GAL fees without determining her ability to pay.

"The standard of review of the discretionary orders for timesharing, temporary alimony, and attorney's fees and costs is abuse of discretion." *Troike v. Troike*, 271 So. 3d 1069, 1072 n.3 (Fla. 3d DCA 2019) (citing *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)).

Section 61.16(1) requires a trial court to take into consideration a party's financial ability when imposing attorney's fees and costs. *See* § 61.16(1), Fla. Stat. (2024). The appointment of a GAL is considered a "cost" of litigation. *Levy v. Levy*, 388 So. 3d 932, 936 (Fla. 3d DCA 2024) (citing *Franklin & Criscuolo/Lienor v. Etter*, 924 So. 2d 947, 950 (Fla. 3d DCA 2006)). In *Levy*, the Third District explained that it could not determine whether the trial court abused its discretion in ordering the former wife to pay 50% of the GAL fees because the trial court's order failed to make findings as to the parties' financial ability to pay the GAL fees. *Levy*, 388 So. 3d at 937; *see also Troike*, 271 So. 3d at 1073–74.

Here, the trial court appointed a GAL at the former wife's sole expense "with reservation to reallocate at a later time if the evidence so supports." Yet, the order failed to contain express findings as to the former wife's ability to pay. This was a fatal flaw.

We are aware that trial courts may need to appoint guardians on an emergency basis preventing them from making an "ability to pay" determination at the same time. We see no problem with a trial court either basing an "ability to pay" finding on the existing, current record and expressing that it has done so or deferring the allocation of financial responsibility for a reasonable time to make the required "ability to pay" determination. Either way, the record must reflect the requisite finding or the deferment of that finding for a reasonable time. This record fails to do either.

We therefore reverse and remand to the trial court for a determination of the former wife's ability to pay.[1] *See Levy*, 388 So. 3d at 937–38.

---

[1] We affirm the former wife's first argument on appeal because the trial court did not reinstate the former husband's communication and timesharing but rather ordered that the former husband *resume reunification therapy* as the court determined it was in the best interests of the children.

*Affirmed in part; reversed in part and remanded.*

CONNER and SHEPHERD, JJ., concur.

*        *        *

**Not final until disposition of timely-filed motion for rehearing.**